## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **GERALD NEIL LINDLEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No.: 2:10-CV-141-VEH** |
| | ) |
| **FREDIA L. TAYLOR,** | ) |
| | ) |
|     **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

This case is set for trial on October 31, 2016. (Doc. 147 at 10 ¶ 13.a). Pending before the court are 18 motions in limine (Docs. 154-156, 158-173) filed by Defendant Fredia Taylor ("Ms. Taylor") on October 3, 2016. No motions in limine have been filed by Plaintiff Gerald Neil Lindley ("Mr. Lindley"). Consistent with the rulings made at the hearing held on October 24, 2016, and as additionally addressed below, Ms. Taylor's motions are **GRANTED IN PART** and **DENIED IN PART**.[1]

---

[1] Concerning objections to witness and exhibit lists, Ms. Taylor never timely filed <u>any</u> as required by the pretrial order. (*See* Doc. 147 at 8 (emphasizing that "[o]bjections not so disclosed [*i.e.*, within 7 days] are waived unless excused by the court for good cause, such as that the objecting party could not determine the basis of the objection prior to trial.")). Instead, she only submitted a document to the court's courtroom deputy via email on October 17, 2016, that purported to be unresolved objections to Mr. Lindley's list. Because Ms. Taylor failed even to acknowledge that she missed the court's deadline for stating her objections <u>on the record</u>, by a separate order entered by the court, her objections are all **HEREBY WAIVED** except to the extent that they are dealt with by virtue of her timely pending motions in limine. Mr. Lindley, on the other hand, timely filed

## II. STANDARDS

### A. Applicable Evidentiary Rules

Federal Rule of Evidence ("F.R.E.") 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Regarding the admissibility of evidence generally, F.R.E. 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FED. R. EVID. 402.

The exclusionary standard pursuant to F.R.E. 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

F.R.E. 901(a) generally provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce

---

objections to Ms. Taylor's list (Doc. 176), but never submitted any unresolved objections for the court to consider. Therefore, the court understands this to mean that all objections to Ms. Taylor's list initially asserted by Mr. Lindley have since been resolved by the parties.

evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). F.R.E. 901(b) lists various examples of acceptable methods for satisfying F.R.E. 901(a) including testimony of a witness with knowledge that "an item is what it is claimed to be." FED. R. EVID. 901(b)(1).

### B. Standard of Review

The Supreme Court has steadfastly held that "abuse of discretion is the proper standard of review of a district court's evidentiary rulings." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S. Ct. 512, 517, 139 L. Ed. 2d 508 (1997) (citing *United States v. Abel*, 469 U.S. 45, 54, 105 S. Ct. 465, 470, 83 L. Ed. 2d 450 (1984); *Spring Co. v. Edgar*, 99 U.S. 645, 658, 25 L. Ed. 487 (1879)). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has explained, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that

certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* FED. R. EVID. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee the appealing party a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" in order for reversible error to occur.

## III.   RULINGS[2]

### **<u>Uncontested Motions in Limine</u>**

Within the case caption of each one, Ms. Taylor has indicated that the motion is "**OPPOSED**." The deadline for Mr. Lindley to state his opposition to these motions ran on October 14, 2016, and he contested only Motions in Limine Numbers 1-4, 7-9, 12-15, and 18. (Docs. 178-188). Therefore, Motions in Limine Numbers 5-6, 10-11, and 16-17 (Docs. 172, 158, 162, 163, 168, 169) are **GRANTED** as unopposed and

---

[2] The following rulings are subject to revision during trial, including, for example, if a party "opens the door" to an area of evidence which the court prohibited on the motion of that particular party, or if a party believes that a prohibited matter is appropriate to use for impeachment purposes. However, the court cautions counsel to make sure, before covering any area of evidence prohibited by this order, that the court is in agreement that such introduction before the jury is or has become proper. Additionally, counsel are cautioned that they cannot allude to any excluded evidence and, when referring to any evidence which is stated in this order to be admissible for some purposes, but not for others, they may not <u>argue</u> such excluded purposes.

the parties are **HEREBY PROHIBITED** from referring at any point during any stage of this trial, *i.e.*, starting with jury selection and ending with closing arguments, to the following precluded documents, witnesses, or other matters:

- Notices of claim unrelated to Mr. Lindley and generally filed with the City of Birmingham (Doc. 172);

- Witnesses or exhibits not designated on a party's witness and exhibit lists, other than rebuttal witnesses and exhibits (Doc. 158);

- Wealth or poverty of the parties (Doc. 162);

- Evidence regarding allegations falling outside of the Pretrial Order (Doc. 147) entered in this case on August 11, 2016 (Doc. 163);

- Evidence of Mr. Lindley's good or bad character (Doc. 168); and

- Evidence or comments that suggest the City of Birmingham or the City Attorney's office is providing Ms. Taylor with legal representation or will satisfy any jury verdict reached or judgment entered against her. (Doc. 169).

## Contested Motions in Limine

As stated above, Mr. Lindley has specifically challenged Motions in Limine

Numbers 1-4, 7-9, 12-15, and 18. (Docs. 178-188). These contested motions are **GRANTED IN PART** and **DENIED IN PART** as discussed below:

### Ms. Taylor's Motion in Limine Number 1

Ms. Taylor objects to Mr. Lindley's introduction of numerous medical bills and records as lacking proper authentication pursuant to FED. R. EVID. 901(a) and on hearsay grounds. (Doc. 154 at 2-3). Mr. Lindley responds that his medical records and bills can be authenticated by the applicable custodian of records. (Doc. 178 at 1 ¶ 3) Mr. Lindley further respond that these records are admissible under one or more exceptions to the hearsay rule, including specifically the business records exception pursuant to F.R.E 803(6) (Doc. 178 at 1 ¶ 4) as established through a custodian or other qualified witness. FED. R. EVID. 803(6)(D). Mr. Lindley also relies upon the medical treatment and present sense impression exceptions to the hearsay rule for these records. *See* FED. R. EVID. 803(4) (describing hearsay exception applicable to statements about a medical diagnosis or treatment); FED. R. EVID. 803(1) ("A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.").

The list of records includes:

- Medical records from Cytopath, P.C., and Dr. Regina S. Meara;
- Medical records from Anesthesiologist Assoc., P.C.;

- Records from Kinetic Concepts, Inc.;

- Premier Medical P.C.;

- Medical records from Southview Medical Group, P.C. and Drs. David W. Barnes and Lynn Crawford;

- Medical records from Birmingham Radiology Group, P.C.;

- Medical records from Southern Medical Group;

- Medical records from Shelby Baptist Medical Center;

- Pharmacy records and billing from the following pharmacies: CVS Pharmacy, Snider's Discount Pharmacy, Walgreens, Jerry's Pharmacy;

- Medical Records from Parkway Medical Center; and

- Medical Records from Cahaba Valley Surgical Group, P.C., and Dr. Rex Sherer.

**Ruling(s):** Ms. Taylor's Motion in Limine Number 1 is **DENIED** if these medical records are stipulated to as authentic by Ms. Taylor in advance of trial or are properly authenticated by Mr. Lindley at trial.

**Ms. Taylor's Motion in Limine Number 2**

Ms. Taylor objects to Mr. Lindley's introduction of "medical bills, prescription costs, doctor/psychology visits, surgery, transportation costs, and pain and suffering unrelated to the injury allegedly caused by the Defendant." (Doc. 155 at 1 (emphasis

added)). Ms. Taylor also objects to Mr. Lindley's introduction of past and future lost wages as inadmissible because he "was not gainfully employed at the time of the incident" and as an evidentiary issue requiring expert testimony. *Id.* Mr. Lindley responds that he "is competent to testify regarding his lost wages claimed as a result of his injuries." (Doc. 178 at 1 ¶ 2).

**Ruling(s):**   Ms. Taylor's Motion in Limine Number 2 is **GRANTED** to the extent that Mr. Lindley seeks to introduce any evidence <u>unrelated</u> to his injuries that he claims Ms. Taylor caused him. The remaining portion of Ms. Taylor's Motion in Limine Number 2 is **WITHDRAWN** as stated by defense counsel during the hearing.

## Ms. Taylor's Motion in Limine Number 3

Ms. Taylor objects to Mr. Lindley's introduction of damages for permanent injury/disfigurement and for further medical treatment attributable to his injuries on the basis that such evidence is inadmissible in the absence of supporting expert testimony. (Doc. 156 at 1). Ms. Taylor relies upon *Jones v. Fortner*, 507 So. 2d 908 (Ala. 1987), *Owens-Corning Fiberglass Corp. v. James*, 646 So. 2d 669 (Ala. 1994), *Collins v. Windham*, 167 So. 2d 690 (Ala. 1964), and also some non-binding cases as support. *See Fortner*, 507 So. 2d at 910 ("It has been held that where there is nothing from which a layman can form any well-grounded opinion as to the permanency of the injury or where the injury is purely subjective, expert evidence

must be introduced." (citing 25 C.J.S. *Damages* § 62, at 813 (1966))); *cf. James*, 646 So. 2d 671-72 (finding no error in trial court's admission of expert physician testimony regarding claim for future medical expenses); *Windham*, 167 So. 2d at 693-94 ("In view of the authorities cited above, we are of the opinion that, where the injury complained of is purely subjective, as in the present case, and where there is no expert medical testimony tending to show the permanency of the alleged injury, mortality tables are not admissible in evidence.").

Mr. Lindley responds that he intends to "offer medical testimony through live witnesses addressing the issue of permanency of injury and future medical needs." (Doc. 179 at 1 ¶ 2).

Alternatively, Mr. Lindley counters that "an exception to the rule of necessity of medical testimony [exists] in cases where lack of care is so apparent that it can be understood by a layman, and requires only common knowledge and experience to understand it." (*Id.* ¶ 3). Mr. Lindley cites to *Tuscaloosa Orthopedic Appliance Co. v. Wyatt*, 460 So. 2d 156 (Ala. 1984), as legal support. In *Wyatt*, the Supreme Court of Alabama explained:

> Although this case does not involve a physician, it does involve a claim of negligence in the delivery of health care. Therefore, the usual rules relating to medical malpractice are applicable. In a medical malpractice action, "expert medical testimony is required to establish what is and what is not proper medical treatment and procedure."

> *Gilbert v. Campbell*, 440 So.2d 1048 (Ala.1983). An exception to this rule exists "in a case where want of skill or lack of care is so apparent ... as to be understood by a layman, and requires only common knowledge and experience to understand it." *Dimoff v. Maitre*, 432 So. 2d 1225, 1226–1227 (Ala.1983), quoting *Lloyd Noland Foundation, Inc. v. Harris*, 295 Ala. 63, 66, 322 So. 2d 709, 711 (1975). In the recent decision of *Holt v. Godsil*, 447 So. 2d 191 (Ala. 1984), this Court specifically enumerated the types of medical malpractice cases in which expert testimony is not required. None of these exceptions applies here.
>
> The need for expert testimony does not necessarily depend upon the type of profession which the defendant practices. <u>Rather, it is dependent upon whether the average person is able to decide without expert testimony whether or not the procedure followed in any given case falls below the acceptable standard</u>.

*Wyatt*, 460 So. 2d at 161 (emphasis added).

**Ruling(s):** That portion of Ms. Taylor's Motion in Limine Number 3 relating to disfigurement is **DENIED**. That portion of Ms. Taylor's Motion in Limine Number 3 relating to future medical needs is **GRANTED** absent Mr. Lindley's offering medical testimony to establish his future medical needs. Finally, the court will allow Mr. Lindley the right to ask the court to reconsider whether medical testimony is required for him to prove the issue of future medical needs to the extent Mr. Lindley is, indeed, able to show that his future medical needs are objectively obvious to a layman and non-speculative in nature.

### Ms. Taylor's Motion in Limine Number 4

Ms. Taylor objects to Mr. Lindley's introduction of his notice of claim filed

with the City of Birmingham on the bases of relevancy, F.R.E. 403, and hearsay. (Doc. 173 at 1).

Mr. Lindley counters that his sworn statement is admissible (as non-hearsay) under F.R.E. 801(d)(1)(B). (Doc. 180 at 1 ¶ 2). F.R.E. 801(d)(1)(B) provides:

> **(d) Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
>> **(1) A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement, and the statement: . . .
>>
>>> **(B)** is consistent with the declarant's testimony and is offered:
>>>
>>>> **(i)** to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>>>>
>>>> **(ii)** to rehabilitate the declarant's credibility as a witness when attacked on another ground[.]

FED. R. EVID. 801(d)(1)(B)(i)-(ii).

**Ruling(s):** Ms. Taylor's Motion in Limine Number 4 is **DENIED** with respect to her relevancy and F.R.E. 403 objections. Specifically, Ms. Taylor offers no case authority to support her relevancy and F.R.E. 403 objections to Mr. Lindley's introduction of his notice of claim and the court finds her objections to be

11

undeveloped and unpersuasive. Ms. Taylor's Motion in Limine Number 4 is further **DENIED** on hearsay grounds to the extent that Mr. Lindley introduces his notice of claim within the confines of FED. R. EVID. 801(d)(1)(B)(i)-(ii).

## Ms. Taylor's Motion in Limine Number 7

Ms. Taylor objects to Mr. Lindley's introduction of certain Shelby County records on relevancy, F.R.E. 403, and hearsay grounds. (Doc. 159 at 2). Ms. Taylor further objects to them as lacking proper authentication pursuant to FED. R. EVID. 901(a). *Id.* Mr. Lindley responds that these records are relevant, that they are more probative than prejudicial, that they can be authenticated by the applicable custodian of record, and that they are admissible under one or more exceptions to the hearsay rule, including specifically the public records exception. (Doc. 181 at 1 ¶¶ -3); *see* FED. R. EVID. 803(8)(A)(ii) (permitting "a record or statement of a public office" to be admitted if "it sets out . . . a matter observed while under a legal duty to report …."; *cf. also White v. City of Birmingham*, 96 F. Supp. 3d 1260, 1273 (N.D. Ala. 2015), *as amended* (May 27, 2015) ("[T]he IO reports themselves are hearsay but are admissible under the public records exception to the hearsay rule [under F.R.E. 803(8)(A)(iii)] because they are the official reporting document for BPD for the November 30, 2012 investigation.").

The list of public records includes:

- Records from the Shelby County Sheriff's Office regarding Mr. Lindley;

- Photographs of Mr. Lindley's injured leg taken by Shelby County Sheriff's Department;

- Jail inspection records;

- Shelby County Sheriff's Office Records; and

- Records from the District and Circuit Court of Shelby County regarding Mr. Lindley's criminal charge in Shelby County and the disposition of the charge.

**Ruling(s):** The court finds these records to be relevant and not subject to exclusion under F.R.E. 403. The court further finds that the public records exception applies to these documents. Accordingly, Ms. Taylor's Motion in Limine Number 7 is **DENIED** if these records are stipulated to as authentic by Ms. Taylor in advance of trial or are properly authenticated by Mr. Lindley at trial.

**Ms. Taylor's Motion in Limine Number 8**

Ms. Taylor objects to Mr. Lindley's introduction of photographs of his injuries on F.R.E. 403 grounds. (Doc. 160 at 1). Ms. Taylor argues that "because [Mr. Lindley] cannot demonstrate that the injuries depicted in the photographs he seeks to introduce were caused by [her], the photos have little to no probative value." *Id.* Ms. Taylor further contends these photographs "would serve only to mislead and highly prejudice the jury against [her]." (*Id.* at 2). Ms. Taylor cites to no supporting case

13

authority.

Mr. Lindley responds that he "can authenticate all of the photographs as accurately depicting his person and his injuries." (Doc. 182 at 1 ¶ 2). Mr. Lindley further cites to *Logan v. Chestnut*, 522 F. App'x 668, 671 (11th Cir. 2013) ("Logan was free to challenge the defense witness's testimony, but the district court did not err in admitting the photographs."), as persuasive support and points out that Ms. Taylor's objection really goes to the weight of the evidence rather than its admissibility. (Doc. 182 at 2 ¶ 3).

**Ruling(s):** Consistent with the court's ruling on Ms. Taylor's Motion in Limine Number 7 above, and in the absence of any case authority showing that it would be appropriate to exclude photographs taken of Mr. Lindley's injuries on F.R.E. 403 grounds, Ms. Taylor's Motion in Limine Number 8 is **DENIED**.

**Ms. Taylor's Motion in Limine Number 9**

Ms. Taylor objects to Mr. Lindley's introduction of "[a]ll newspaper, magazine, internet publication, internet blog, twitter account, facebook page, or any other hard document or electronic publication which contains an account of the events made the basis of the Amended Complaint." (Doc. 161 at 1). Ms. Taylor primarily asserts a hearsay objection to these documents with citations to several case authorities and secondarily raises F.R.E. 403. (Doc. 161 at 1-2); *see, e.g., United*

14

*States v. Baker*, 432 F.3d 1189, 1211 (11th Cir. 2005) ("The Miami Herald articles are also inadmissible hearsay, as they are relevant primarily to establish the truth of their contents—the identity of the gunmen."), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813, 126 S. Ct. 2266, 165 L. Ed. 2d 224 (2006); *Baker*, 432 F.3d at 1211 n.23 ("In fact, the articles are likely a reporter's account of what eyewitnesses reported; in other words, double hearsay forbidden by Rule 805.").

Mr. Lindley only superficially contests this motion and offers no cases which bring into question Ms. Taylor's hearsay and F.R.E. 403 positions. (Doc. 183 at 1).

**Ruling(s):** Ms. Taylor's Motion in Limine Number 10 is **GRANTED** on hearsay and/or F.R.E. 403 grounds as to any materials covered by this motion which are not listed on Mr. Lindley's exhibit list.

### Ms. Taylor's Motion in Limine Number 12

Ms. Taylor objects to Mr. Lindley's introduction of evidence relating to punitive damages as subject to exclusion under F.R.E. 403 because "a discussion of punitive damages would serve only to confuse, mislead and prejudice the jury." (Doc. 164 at 1). Ms. Taylor offers no supporting case authority for her position.

Mr. Lindley counters that his deliberate indifference claim asserted against Ms. Taylor in her individual capacity pursuant to § 1983 permits a recovery for punitive damages if he can show she acted recklessly or with a callous indifference to his

federally protected rights. (Doc. 184 at 1 ¶ 2).

**Ruling(s):** Ms. Taylor's Motion in Limine Number 11 is **WITHDRAWN** as stated by defense counsel during the hearing.

### Ms. Taylor's Motion in Limine Number 13

Ms. Taylor objects to Mr. Lindley's introduction of "[a]ny statement, reference to, or mention of any objection [that <u>counsel</u> for Ms. Taylor] has asserted to any discovery in this case in front of the jury." (Doc. 165 at 1). Ms. Taylor neither states what grounds she relies upon to preclude this evidence nor offers any supporting case authority.

Mr. Lindley counters that "[t]he documents in question are relevant, material to the issues and defenses in this case, are more probative than prejudicial, and are otherwise admissible in the trial of the case." (Doc. 185 at 1 ¶ 2). Mr. Lindley also cites to *Colonial Pac. Leasing Corp. v. N & N Partners, LLC*, 981 F. Supp. 2d 1345 (N.D. Ga. 2013) as persuasive support. While *Colonial Pac.* initially analyzes the admissibility of pleadings and discovery responses under Georgia law, the district court in turn observes that "whether the deficiencies alleged in the state-court complaint are admissible is a question of federal (not Georgia) law. The answer, however, is the same: they are." *Id.* at 1356 (citing *Mitchell v. Fruehauf Corp.*, 568 F.2d 1139, 1147 (5th Cir. 1978) ("Prior pleadings are admissible if such pleadings

16

indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation.")).[3]

**Ruling(s):** Ms. Taylor's Motion in Limine Number 13 is **GRANTED** as clarified on the record to apply only to objections to discovery asserted by defense counsel.

## Ms. Taylor's Motion in Limine Number 14

Ms. Taylor objects to "[a]ny reference, suggestion or implication in front of the jury that tends to lead the jury to believe that there are things about the case that either party's counsel cannot tell the jury." (Doc. 166 at 1). Citing to *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp. 2d 1350 (N.D. Ga. 2009), Mr. Lindley counters with that "[b]ecause the Motion fails to state what if any evidence it concerns, there is no possible way that [he] can respond with any substance to the Motion." (Doc. 186 at 1 ¶ 2); *see also Wilson*, 609 F. Supp. 2d at 1359 (N.D. Ga. 2009) ("The moving party has the burden of proving that the evidence sought to be excluded is inadmissible." (citing *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994))).

**Ruling(s):** Ms. Taylor's Motion in Limine Number 14 is **GRANTED** as explained on the record.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

**Ms. Taylor's Motion in Limine Number 15**

Ms. Taylor objects to "[a]ny evidence or testimony the probative value of which is significantly outweighed by a danger that it will subject the Defendant to unfair prejudice." (Doc. 167 at 1). Relying upon *Wilson* again, Mr. Lindley responds that the motion is too indefinite for him to form a substantive response. (Doc. 187 at 1 ¶ 2).

**Ruling(s):**  Ms. Taylor's Motion in Limine Number 15 is **DENIED** as too vaguely worded.

**Ms. Taylor's Motion in Limine Number 18**

Ms. Taylor objects to Mr. Lindley's introduction of City of Birmingham jail logs on the grounds of relevancy, F.R.E. 403, and hearsay. (Doc. 170 at 2). This list of jail records includes:

● Birmingham City Jail in-house reports for the period of January 24, 2008, to February 2, 2008;

● Birmingham City Jail roll/bed roster for the period of January 24, 2008, to February 2, 2008; and

● Birmingham City Jail cell block ledgers for the period of January 24, 2008 to February 2, 2008.

Ms. Taylor argues that because she did not draft any of these records, they

should not be admissible against her. (Doc. 170 at 1-2). Ms. Taylor cites to no case authority to support her objections.

Mr. Lindley responds that these records are relevant because they confirm that Mr. Lindley's condition "was well known within the jail" (Doc. 188 at 2 ¶ 5), that they are more probative than prejudicial, and relying, again, upon *White* as persuasive authority, that they are admissible under one or more exceptions to the hearsay rule, including specifically the public records exception. (Doc. 188 at 1 ¶¶ 2-3). Mr. Lindley further argues that these records are admissible because the "contain 'factual findings' that are 'based upon the knowledge or observations of the preparer of the report,' as opposed to a mere collection of statements from a witness." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (quoting *Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994)); *cf. also Mazer*, 556 F.3d at 1278 ("It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." (internal quotation marks omitted) (quoting *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983))).

**Ruling(s):**  Ms. Taylor's Motion in Limine Number 18 is **DENIED** with respect to her relevancy and F.R.E. 403 objections. Ms. Taylor's Motion in Limine Number 18 is further **DENIED** on hearsay and authentication grounds.

Concerning the issue of authentication more specifically, counsel for Ms. Taylor stipulated to the court that Mr. Lindley would not be required to put on evidence showing a document's authenticity at trial if that record was produced by <u>any</u> Defendant sued in this case as part of the discovery process.

Also, as confirmed at the end of the hearing, no party is planning to offer a witness's testimony through a deposition transcript.

**<u>If any party has any concern about the foregoing summary of the court's rulings and stipulations made by counsel during the hearing, then that party must file a notice of objection and/or clarification with the court no later than 5:00 p.m. on Wednesday, October 26, 2016. Otherwise, any such objection to or clarification of the contents of this order will be waived</u>**.

**DONE** and **ORDERED** this 24th day of October, 2016.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge